## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

GLOBAL IP HOLDINGS, LLC
12400 VENTURA BOULEVARD, #635,
STUDIO CITY, CALIFORNIA 91604

                                                 Plaintiff,

v.

VERANO NJ, LLC
3576 US-22
BRANCHBURG, NEW JERSEY 08876

FOUR DAUGHTERS COMPASSIONATE CARE, INC.
1200 PROVIDENCE HIGHWAY
SHARON, MASSACHUSETTS 02067

WSCC, Inc.
d/b/a SIERRA WELL
1025 RIDGEVIEW DRIVE, SUITE 100
RENO, NEVADA 89519

FORT CONSULTING, LLC
12620 NORTH CAVE CREEK ROAD
PHOENIX, ARIZONA 85022

203 ORGANIX, LLC
123 EAST MERRITT STREET
PRESCOTT, ARIZONA 86301

SALUBRIOUS WELLNESS CLINIC, INC.
520 SOUTH PRICE ROAD, SUITE 101
TEMPE, ARIZONA 85281

CONNECTICUT PHARMACEUTICAL SOLUTIONS
d/b/a CTPHARMA
280 DIVIDEND ROAD
ROCKY HILL, CONNECTICUT 06067

VERANO ARIZONA, LLC
224 WEST HILL STREET, SUITE 400
CHICAGO, ILLINOIS 60610

and
VERANO CONNECTICUT, LLC
224 WEST HILL STREET, SUITE 400
CHICAGO, ILLINOIS 60610

                                           Defendants

CIVIL ACTION NO.

1:26-cv-8862

1

## COMPLAINT FOR PATENT INFRINGEMENT

1.     Plaintiff Global IP Holdings, LLC (Global), by and through its undersigned

counsel, alleges as follows for its Complaint against Defendants:

Verano NJ, LLC
Four Daughters Compassionate Care, Inc. (FDCC)
WSCC, Inc. d/b/a Sierra Well (Sierra)
Fort Consulting, LLC (Fort)
203 Organix, LLC (Organix)
Salubrious Wellness Clinic, Inc. (Salubrious)
Connecticut Pharmaceutical Solutions d/b/a CTPharma (CTPharma)
Verano Arizona, LLC
and
Verano Connecticut, LLC

## THE NATURE OF THIS ACTION

2.     Plaintiff brings this action against Defendants pursuant to 35 U.S.C. § 1, et. seq.

including without limitation 35 U.S.C. §§ 271, 281, 283, 284, & 285 inclusive, based on

Defendants' unauthorized use of the patented processes described in U.S. Patent Nos. 10,507,407

and 10,814,248 (collectively, "the Patents-in-Suit").  Defendants have infringed the Patents-in-

Suit, thereby necessitating this lawsuit.

## THE PARTIES

3.     Plaintiff is a California limited liability corporation having a principal address at

12400 Ventura Blvd., #635, Studio City, California 91604.  Plaintiff is the owner of the Patents-

in-Suit by assignment.

4.     Defendant Verano NJ, LLC is a New Jersey corporation and lists its corporate

headquarters at 224 W. Hill Street, 4th Floor, Chicago, Illinois 60610, in this judicial district.

5.     Defendant Four Daughters Compassionate Care, Inc. (FDCC) is a Massachusetts

corporation and lists its corporate headquarters at 224 W. Hill Street, 4th Floor, Chicago, Illinois

60610, in this judicial district.

2

6. Defendant WSCC, Inc. d/b/a Sierra Well, (Sierra) is a Nevada corporation and lists its corporate headquarters at 224 W. Hill Street, 4th Floor, Chicago, Illinois 60610, in this judicial district.

7. Defendant Fort Consulting, LLC (Fort) is an Arizona corporation and lists its corporate headquarters at 224 W. Hill Street, 4th Floor, Chicago, Illinois 60610, in this judicial district.

8. Defendant 203 Organix, LLC (Organix) is an Arizona corporation and lists its corporate headquarters at 224 W. Hill Street, 4th Floor, Chicago, Illinois 60610, in this judicial district.

9. Defendant Salubrious Wellness Clinic, Inc. (Salubrious) is an Arizona corporation and lists its corporate headquarters at 224 W. Hill Street, 4th Floor, Chicago, Illinois 60610, in this judicial district.

10. Defendant Connecticut Pharmaceutical Solutions (CTPharma) is a Connecticut corporation and lists its corporate headquarters at 224 W. Hill Street, 4th Floor, Chicago, Illinois 60610, in this judicial district.

11. Defendant Verano Arizona, LLC is an Arizona corporation and lists its corporate headquarters at 224 W. Hill Street, 4th Floor, Chicago, Illinois 60610, in this judicial district.

12. Defendant Verano Connecticut, LLC is a Connecticut corporation and lists its corporate headquarters at 224 W. Hill Street, 4th Floor, Chicago, Illinois 60610, in this judicial district.

13. Defendants are all wholly owned subsidiaries of Verano Holdings, LLC, a Delaware company with its headquarters at 224 W. Hill Street, 4th Floor, Chicago, Illinois 60610. Upon knowledge information and belief, all of the Verano subsidiaries are under common management and operational control and all operate with a common standard extraction operational procedure developed by and under oversight from Verano according to equipment and procedures specified by Verano to maintain consistent extract quality across all subsidiaries. The method having been and developed by, among others, laboratory and operational personnel from one or more of the companies acquired by and consolidated under Verano. Thus the Verano companies are proper co-defendants in this matter under FRCP 20, as the infringement arises

3

from a commonality of infringement methods used and a commonality of questions of law and fact and a commonality of ownership.

## JURISDICTION AND VENUE

14. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. § 271 et seq.

15. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§ 271, 281 and 28 U.S.C. §§ 1331 and 1338(a), federal question.

16. This Court has personal jurisdiction over Defendants because each lists its headquarters in Illinois in this judicial district.

17. Venue is proper in this District for Defendants pursuant to 28 U.S.C. §§ 1400(a), 1400(b) and because Defendants maintain a regular and established place of business in this District.

## THE PATENTS-IN-SUIT

18. Mr. Galyuk, the inventor of the patents-in-suit, was a pioneer in the use of low temperature ethanol extraction. Mr. Galyuk innovated techniques whereby wax and chlorophyll co-extraction could be substantially reduced while maintaining the effective extraction of desired cannabinoids, while simultaneously eliminating the dangers associated with highly combustible extraction methods.

19. The patented method is a significant improvement for extracting and concentrating cannabinoids and terpenes from plant substrates by modifying the operational extraction characteristics of solvent to by-pass undesired constituents of plants throughout the extraction process. Mr. Galyuk recognized the need to improve on prior extraction, including the most commonly used solvents, hydrocarbons such as hexane, pentane, butane or propane, and knew the limitations of SCF extraction. The patented invention is a novel extraction process which includes lowering the temperature of the solvent below −1 C and preferably to a range below −30 C, and yields a clean cannabinoid/terpene extract.

4

20. On December 17, 2019, United States Patent No. 10,507,407 ("the '407 Patent"), entitled "Methods to reduce chlorophyll co-extraction through extraction of select moieties essential oils and aromatic isolates" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '407 patent is attached hereto as **EXHIBIT A**.

21. The '407 Patent claims patent-eligible subject matter and is valid and enforceable.

22. Plaintiff is the exclusive owner by assignment of all rights, title, and interest in the '407 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '407 Patent.

23. Defendant is not licensed to the '407 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '407 patent whatsoever.

24. On October 27, 2020, United States Patent No. 10,814,248 ("the '248 Patent"), entitled "Methods to reduce chlorophyll co-extraction through extraction of select moieties essential oils and aromatic isolates" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '248 patent is attached hereto as **EXHIBIT B.**

25. The '248 Patent claims patent-eligible subject matter and is valid and enforceable.

26. Plaintiff is the exclusive owner by assignment of all rights, title, and interest in the '248 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '248 Patent.

27. Defendant is not licensed to the '248 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '248 patent whatsoever.

28. Together, U.S. Patent No. No. 10,507,407 and U.S. Patent No. 10,814,248 are referred to as the "Asserted Patents."

29. At all times, Plaintiff has complied with the marking requirements of 35 U.S.C. § 287.

5

30. As set forth below and in the attached claim chart, Defendant has practiced and continues to practice the claims of the '407 Patent and the '248 Patent. By way of example, the attached claim charts describe the production process used by Defendant based upon information obtained by Plaintiff.

## DEFENDANTS' INFRINGING ACTIVITIES

31. Defendant's infringing activities include extraction of compounds including cannabinoids from hemp plant substrate using the methods claimed in the Asserted Patents. Defendant, as part of the Verano corporate structure, along with all of the Verano subsidiaries which are under common management and operational control and all operate with a common standard extraction operational protocol developed by Verano and its predecessor companies that were acquired and merged, including laboratory and operational personnel from the companies acquired by Verano, to maintain consistent extract quality.

32. Based upon public information, investigation, personal discussions and informed analysis and evaluation, Defendant has used and uses extraction system equipment, as well as other substantially similar processing equipment, to accomplish extraction of compounds including cannabinoids from hemp plant substrate at a substantially reduced temperature below freezing, in many public instances specifying temperatures below -40C. As described by Defendant and/or one or more other Verano owned extraction companies, in publications and on-line postings, the method using this equipment infringes one or more claims of each of the Asserted Patents. Defendant's method, as practiced by Defendant is referred to herein as the Accused Chilled Extraction Method.

33. On information and belief, Defendant makes adjustments to the Accused Chilled Extraction Method in connection with extracting compounds including cannabinoids from cannabis plant substrate. The Accused Method nevertheless remains an infringing method in all relevant respects as described herein, despite any such adjustments to the Accused Method.

34. Defendant uses the equipment to perform ethanol extraction of cannabinoids.

6

35. Publicly available materials that describe relevant aspects of the equipment specifically selected by Defendant to practice the Accused Chilled Extraction Method demonstrate its design for chilled extraction.

36. Defendant uses ethanol or an ethanol-based solvent in the Accused Method.

37. Defendant operates in the claimed processing in the range of -30C to -50C as developed by the inventor after considerable design and innovation. The Accused Chilled Extraction Method includes pre-processing comprising lowering the temperature of the solvent to a range of -30 degrees C to -50 degrees C.

38. During the Accused Method, Defendant brings the cooled solvent into contact with the plant substrate to create an emulsion. Contact is at a temperature of between -30 degrees C to -50 degrees C. This information was obtained from public statements and postings of employees and others associated with Defendant and with the development of standard operating procedures used and implemented at Defendant.

39. The Accused Chilled Extraction Method, through extraction according to the steps of the asserted claims, results in an extraction with reduced wax and chlorophyll. The product sold by Defendant and the properties of that product demonstrate its high concentration and process of manufacture. Upon knowledge, information and belief, the extraction protocols used by Defendant were developed based at least in part upon the teachings and industry publications of the inventor of the patents-in-suit.

40. Defendant's Accused Chilled Extraction Method also includes a step of atmospheric evaporation of the solvent for reduction of the emulsion. Atmospheric evaporation is accomplished by use of an evaporator which retains and recaptures the evaporated solvent for recirculation and reuse.

41. The Accused Chilled Extraction Method also includes recovering of solvent from the emulsion. The ethanol used in the process is separated and retained.

42. Defendant's Accused Chilled Extraction Method also includes a step of purging to remove remaining solvent from the extract that is substantially free of any lipids and

chlorophyll.  Additional processing and/or filtering steps can also be employed to further refine the extract.

43.     On knowledge, common industry best practice, information and belief, Defendants' Accused Chilled Extraction Method utilizes an ethanol solvent that is comprised of 95% ethanol and 5% of a solvent that does not comprise ethanol.  Ethanol and ethanol-based solvents, commonly used in modern cannabis extraction processes are available as 100% food-grade ethanol or as a denatured ethanol solvent that contains a high percentage of ethanol mixed with a non-ethanol co-solvent or denaturing agent.  A commonly-used denatured ethanol solvent of 95% ethanol and 5% of a non-ethanol solvent. Although lower concentrations of ethanol are commercially available, such lower ethanol concentrations are generally not acceptable for cannabis extraction procedures, because of the resultant difficulty of recovery of cannabinoids during the distillation process.

44.     Upon reasonable knowledge, information and investigation, Defendant uses a 95% ethanol solvent during the extraction process described as  "Ethanol Extraction", "Cold-Ethanol Extraction" or "Cryo-Ethanol Extraction," including one or more of  a common, easily accessible and generally available 95% ethanol + 5% non-alcohol denatured ethanol solvent mix or 200 proof denatured alcohol mix such as 95% ethanol + 5% methanol, or 100%, 200 proof food grade ethanol solvent for their process.

45.     Public evidence of equipment at Verano owned extraction facilities, including CTPharma, MÜV Florida, FGM Processing, and at Pennsylvania facilities, and ethanol extracted product lines at multiple Verano subsidiaries evidence infringement. These product lines include shatter, budder, crumble, Gold, Blue, distillate cartridges, and other crude to market dabbable concentrates. The finished product quality, color, clarity, potency, terpene retention, and absence of substantial post processing are all consistent with the claimed cold ethanol extraction method.

46.     The products produced by the Varano companies cannot be commercially produced at the claimed quality using warm or moderately chilled ethanol extraction. Marketable ethanol shatter, terpene rich budder, clean crumble, and clear ethanol distillate require extraction

8

conditions low enough to avoid substantial co extraction of chlorophyll, lipids, and waxes. Otherwise, the crude oil would darken, oxidize, nucleate, haze, or require additional winterization, dewaxing, remediation, or other post processing which would be inconsistent with the employee public admissions and postings and Verano's own product descriptions. Based on the product family, equipment evidence, employee admissions, and indications that Verano uses to uniform national SOPs, Verano has implemented a common ethanol extraction method across multiple subsidiaries.

## COUNT I:

### <u>DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,507,407</u>

47. Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

48. Defendant Verano NJ has infringed and continues to infringe at least claim 1 of the '407 Patent by employing an extraction process that meets each element recited in claim 1.

49. Defendant Verano NJ has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '407 Patent by using the infringing extraction process described in the attached claim charts.

50. Upon information and belief, Defendant Verano NJ has no good faith defense to Plaintiff's infringement allegations regarding the '407 Patent.

51. Plaintiff has been damaged as the result of Defendant Verano NJ's infringement of the '407 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

52. On information and belief, Defendant Verano NJ's infringement of the '407 Patent has been willful and merits increased damages. Defendant Verano NJ's infringement has been willful since at least the date of the filing of this complaint.

## COUNT II:

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,507,407

53. Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

54. Defendant FDCC has infringed and continues to infringe at least claim 1 of the '407 Patent by employing an extraction process that meets each element recited in claim 1.

55. Defendant FDCC has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '407 Patent by using the infringing extraction process described in the attached claim charts.

56. Upon information and belief, Defendant FDCC has no good faith defense to Plaintiff's infringement allegations regarding the '407 Patent.

57. Plaintiff has been damaged as the result of Defendant FDCC's infringement of the '407 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

58. On information and belief, Defendant FDCC's infringement of the '407 Patent has been willful and merits increased damages. Defendant FDCC's infringement has been willful since at least the date of the filing of this complaint.

## COUNT III:

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,507,407

59. Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

60. Defendant WSCC has infringed and continues to infringe at least claim 1 of the '407 Patent by employing an extraction process that meets each element recited in claim 1.

61. Defendant WSCC has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '407 Patent by using the infringing extraction process described in the attached claim charts.

10

62.     Upon information and belief, Defendant WSCC has no good faith defense to Plaintiff's infringement allegations regarding the '407 Patent.

63.     Plaintiff has been damaged as the result of Defendant WSCC's infringement of the '407 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

64.     On information and belief, Defendant WSCC's infringement of the '407 Patent has been willful and merits increased damages. Defendant WSCC's infringement has been willful since at least the date of the filing of this complaint.

### COUNT IV:

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,507,407

65.     Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

66.     Defendant Fort has infringed and continues to infringe at least claim 1 of the '407 Patent by employing an extraction process that meets each element recited in claim 1.

67.     Defendant Fort has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '407 Patent by using the infringing extraction process described in the attached claim charts.

68.     Upon information and belief, Defendant Fort has no good faith defense to Plaintiff's infringement allegations regarding the '407 Patent.

69.     Plaintiff has been damaged as the result of Defendant Fort's infringement of the '407 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

70.     On information and belief, Defendant Fort's infringement of the '407 Patent has been willful and merits increased damages. Defendant Fort's infringement has been willful since at least the date of the filing of this complaint.

11

**COUNT V:**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,507,407**

71.     Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

72.     Defendant Organix has infringed and continues to infringe at least claim 1 of the '407 Patent by employing an extraction process that meets each element recited in claim 1.

73.     Defendant Organix has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '407 Patent by using the infringing extraction process described in the attached claim charts.

74.     Upon information and belief, Defendant Organix has no good faith defense to Plaintiff's infringement allegations regarding the '407 Patent.

75.     Plaintiff has been damaged as the result of Defendant Organix's infringement of the '407 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

76.     On information and belief, Defendant Organix's infringement of the '407 Patent has been willful and merits increased damages. Defendant Organix's infringement has been willful since at least the date of the filing of this complaint.

**COUNT VI:**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,507,407**

77.     Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

78.     Defendant Salubrious has infringed and continues to infringe at least claim 1 of the '407 Patent by employing an extraction process that meets each element recited in claim 1.

79.     Defendant Salubrious has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '407 Patent by using the infringing extraction process described in the attached claim charts.

12

80. Upon information and belief, Defendant Salubrious has no good faith defense to Plaintiff's infringement allegations regarding the '407 Patent.

81. Plaintiff has been damaged as the result of Defendant Salubrious's infringement of the '407 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

82. On information and belief, Defendant Salubrious's infringement of the '407 Patent has been willful and merits increased damages. Defendant Salubrious's infringement has been willful since at least the date of the filing of this complaint.

**COUNT VII:**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,507,407**

83. Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

84. Defendant CTPharma has infringed and continues to infringe at least claim 1 of the '407 Patent by employing an extraction process that meets each element recited in claim 1.

85. Defendant CTPharma has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '407 Patent by using the infringing extraction process described in the attached claim charts.

86. Upon information and belief, Defendant CTPharma has no good faith defense to Plaintiff's infringement allegations regarding the '407 Patent.

87. Plaintiff has been damaged as the result of Defendant CTPharma's infringement of the '407 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

88. On information and belief, Defendant CTPharma's infringement of the '407 Patent has been willful and merits increased damages. Defendant CTPharma's infringement has been willful since at least the date of the filing of this complaint.

## COUNT VIII:

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,507,407

89.     Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

90.     Defendant Verano Arizona has infringed and continues to infringe at least claim 1 of the '407 Patent by employing an extraction process that meets each element recited in claim 1.

91.     Defendant Verano Arizona has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '407 Patent by using the infringing extraction process described in the attached claim charts.

92.     Upon information and belief, Defendant Verano Arizona has no good faith defense to Plaintiff's infringement allegations regarding the '407 Patent.

93.     Plaintiff has been damaged as the result of Defendant Verano Arizona's infringement of the '407 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

94.     On information and belief, Defendant Verano Arizona's infringement of the '407 Patent has been willful and merits increased damages. Defendant Verano Arizona's infringement has been willful since at least the date of the filing of this complaint.

## COUNT IX:

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,507,407

95.     Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

96.     Defendant Verano Connecticut has infringed and continues to infringe at least claim 1 of the '407 Patent by employing an extraction process that meets each element recited in claim 1.

14

97.     Defendant Verano Connecticut has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '407 Patent by using the infringing extraction process described in the attached claim charts.

98.     Upon information and belief, Defendant Verano Connecticut has no good faith defense to Plaintiff's infringement allegations regarding the '407 Patent.

99.     Plaintiff has been damaged as the result of Defendant Verano Connecticut's infringement of the '407 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

100.    On information and belief, Defendant Verano Connecticut's infringement of the '407 Patent has been willful and merits increased damages. Defendant Verano Connecticut's infringement has been willful since at least the date of the filing of this complaint.

## COUNT X:

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,814,248

101.    Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

102.    Defendant Verano NJ has infringed and continues to infringe at least claim 1 of the '248 Patent by employing an extraction process that meets each element recited in claim 1.

103.    Defendant Verano NJ has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '248 Patent by using the infringing extraction process described above and in the attached claim charts.

104.    Upon information and belief, Defendant Verano NJ has no good faith defense to Plaintiff's infringement allegations regarding the '248 Patent.

105.    Plaintiff has been damaged as the result of Defendant Verano NJ's infringement of the '248 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

15

106.    On information and belief, Defendant Verano NJ's infringement of the '248 Patent has been willful and merits increased damages. Defendant Verano NJ's infringement has been willful since at least the date of the filing of this complaint.

**COUNT XI:**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,814,248**

107.    Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

108.    Defendant FDCC has infringed and continues to infringe at least claim 1 of the '248 Patent by employing an extraction process that meets each element recited in claim 1.

109.    Defendant FDCC has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '248 Patent by using the infringing extraction process described above and in the attached claim charts.

110.    Upon information and belief, Defendant FDCC has no good faith defense to Plaintiff's infringement allegations regarding the '248 Patent.

111.    Plaintiff has been damaged as the result of Defendant FDCC's infringement of the '248 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

112.    On information and belief, Defendant FDCC's infringement of the '248 Patent has been willful and merits increased damages. Defendant FDCC's infringement has been willful since at least the date of the filing of this complaint.

**COUNT XII:**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,814,248**

113.    Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

16

114. Defendant WSCC has infringed and continues to infringe at least claim 1 of the '248 Patent by employing an extraction process that meets each element recited in claim 1.

115. Defendant WSCC has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '248 Patent by using the infringing extraction process described above and in the attached claim charts.

116. Upon information and belief, Defendant WSCC has no good faith defense to Plaintiff's infringement allegations regarding the '248 Patent.

117. Plaintiff has been damaged as the result of Defendant WSCC's infringement of the '248 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

118. On information and belief, Defendant WSCC's infringement of the '248 Patent has been willful and merits increased damages. Defendant WSCC's infringement has been willful since at least the date of the filing of this complaint.

## COUNT XIII:

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,814,248

119. Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

120. Defendant Fort has infringed and continues to infringe at least claim 1 of the '248 Patent by employing an extraction process that meets each element recited in claim 1.

121. Defendant Fort has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '248 Patent by using the infringing extraction process described above and in the attached claim charts.

122. Upon information and belief, Defendant Fort has no good faith defense to Plaintiff's infringement allegations regarding the '248 Patent.

123.    Plaintiff has been damaged as the result of Defendant Fort's infringement of the '248 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

124.    On information and belief, Defendant Fort's infringement of the '248 Patent has been willful and merits increased damages. Defendant Fort's infringement has been willful since at least the date of the filing of this complaint.

**COUNT XIV:**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,814,248**

125.    Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

126.    Defendant Organix has infringed and continues to infringe at least claim 1 of the '248 Patent by employing an extraction process that meets each element recited in claim 1.

127.    Defendant Organix has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '248 Patent by using the infringing extraction process described above and in the attached claim charts.

128.    Upon information and belief, Defendant Organix has no good faith defense to Plaintiff's infringement allegations regarding the '248 Patent.

129.    Plaintiff has been damaged as the result of Defendant Organix's infringement of the '248 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

130.    On information and belief, Defendant Organix's infringement of the '248 Patent has been willful and merits increased damages. Defendant Organix's infringement has been willful since at least the date of the filing of this complaint.

**COUNT XV:**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,814,248**

131.     Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

132.     Defendant Salubrious has infringed and continues to infringe at least claim 1 of the '248 Patent by employing an extraction process that meets each element recited in claim 1.

133.     Defendant Salubrious has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '248 Patent by using the infringing extraction process described above and in the attached claim charts.

134.     Upon information and belief, Defendant Salubrious has no good faith defense to Plaintiff's infringement allegations regarding the '248 Patent.

135.     Plaintiff has been damaged as the result of Defendant Salubrious's infringement of the '248 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

136.     On information and belief, Defendant Salubrious's infringement of the '248 Patent has been willful and merits increased damages. Defendant Salubrious's infringement has been willful since at least the date of the filing of this complaint.

**COUNT XVI:**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,814,248**

137.     Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

138.     Defendant CTPharma has infringed and continues to infringe at least claim 1 of the '248 Patent by employing an extraction process that meets each element recited in claim 1.

139.     Defendant CTPharma has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more

19

claims of the '248 Patent by using the infringing extraction process described above and in the attached claim charts.

140. Upon information and belief, Defendant CTPharma has no good faith defense to Plaintiff's infringement allegations regarding the '248 Patent.

141. Plaintiff has been damaged as the result of Defendant CTPharma's infringement of the '248 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

142. On information and belief, Defendant CTPharma's infringement of the '248 Patent has been willful and merits increased damages. Defendant CTPharma's infringement has been willful since at least the date of the filing of this complaint.

## COUNT XVII:

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,814,248

143. Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

144. Defendant Verano Arizona has infringed and continues to infringe at least claim 1 of the '248 Patent by employing an extraction process that meets each element recited in claim 1.

145. Defendant Verano Arizona has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '248 Patent by using the infringing extraction process described above and in the attached claim charts.

146. Upon information and belief, Defendant Verano Arizona has no good faith defense to Plaintiff's infringement allegations regarding the '248 Patent.

147. Plaintiff has been damaged as the result of Defendant Verano Arizona's infringement of the '248 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

20

148. On information and belief, Defendant Verano Arizona's infringement of the '248 Patent has been willful and merits increased damages. Defendant Verano Arizona's infringement has been willful since at least the date of the filing of this complaint.

## COUNT XVIII:

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,814,248

149. Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

150. Defendant Verano Connecticut has infringed and continues to infringe at least claim 1 of the '248 Patent by employing an extraction process that meets each element recited in claim 1.

151. Defendant Verano Connecticut has, under 35 U.S.C. § 271(a), directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '248 Patent by using the infringing extraction process described above and in the attached claim charts.

152. Upon information and belief, Defendant Verano Connecticut has no good faith defense to Plaintiff's infringement allegations regarding the '248 Patent.

153. Plaintiff has been damaged as the result of Defendant Verano Connecticut's infringement of the '248 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

154. On information and belief, Defendant Verano Connecticut's infringement of the '248 Patent has been willful and merits increased damages. Defendant's infringement has been willful since at least the date of the filing of this complaint.

**PRAYER FOR RELIEF**

A.     For a judgment declaring that each Defendant has infringed claims of the '407 Patent-in-Suit.

B.     For a judgment declaring that each Defendant has infringed claims of the '248 Patent-in-Suit.

C.     For a judgment enjoining each Defendant from further infringement of the '407 Patent-in-Suit.

D.     For a judgment enjoining each Defendant from further infringement of the '248 Patent-in-Suit.

E.     For a judgment declaring that each Defendant's infringement of the Patents-in-Suit has been willful and for enhancement of damages in accordance with 35 U.S.C. 284;

F.     For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the Patents-in-Suit in an amount to be determined;

G.     For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

H.     For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. § 284, and a further award of post judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

I.     For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. § 284; and

J.     For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

22

## **DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.


Dated: July 26, 2026                                Respectfully submitted,

/s/ Joseph J. Zito
Joseph J. Zito
DNL ZITO
1250 Connecticut Ave., NW #700
Washington, DC 20036
202-466-3500
jzito@dnlzito.com

*Attorneys for Plaintiff*
*Global IP Holdings, LLC*

23